UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
 §
DARREN STAHULAK § Case No. 12-50161
 §
 §
 Debtor(s) §

TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]            $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $\_\_\_\_\_ as interim compensation and now requests a sum of $\_\_\_\_\_, for a total compensation of $\_\_\_\_\_[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $\_\_\_\_\_, and now requests reimbursement for expenses of $\_\_\_\_\_, for total expenses of $\_\_\_\_\_[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____  By:/s/DAVID R. BROWN_____
                                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-50161 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
|---|---|---|---|---|---|---|
| Case Name: | DARREN STAHULAK | | | | Date Filed (f) or Converted (c): | 12/22/2012 (f) |
| | | | | | 341(a) Meeting Date: | 02/05/2013 |
| For Period Ending: | 11/06/2014 | | | | Claims Bar Date: | 08/01/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash on hand | 50.00 | 0.00 | | 0.00 | FA |
| 2. Citibank checking joint with wife | 275.00 | 0.00 | | 0.00 | FA |
| 3. Security Deposit on residential lease. Joint with non-filing spouse. Total deposit $3000 debtor's portion is $1500. | 1,500.00 | 0.00 | | 0.00 | FA |
| 4. Misc. household goods and furnishings. Total household $2000 jointly with non-filing spouse. Debtor's portion is $1000 | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. Misc. clothing and wearing apparel | 400.00 | 0.00 | | 0.00 | FA |
| 6. Reassure America $1 million term policy, no cash value, spouse is beneficiary | 0.00 | 0.00 | | 0.00 | FA |
| 7. IRA at Merrill Lynch | 77,663.00 | 0.00 | | 0.00 | FA |
| 8. IRA at Schwab | 11,854.00 | 0.00 | | 0.00 | FA |
| 9. Jetware USA LLC, sportsware business, 10% ownership. | 0.00 | 0.00 | | 0.00 | FA |
| 10. 2005 Ford Mustang, 165k miles | 3,000.00 | 0.00 | | 0.00 | FA |
| 11. 2004 Chevy Suburban, 123k miles | 2,250.00 | 0.00 | | 0.00 | FA |
| 12. 2008 Rockwood 25 ft camper trailor | 9,660.00 | 0.00 | | 0.00 | FA |
| 13. 2 house pets, domesticated dogs with no show or breeding value. | 0.00 | 0.00 | | 0.00 | FA |
| 14. Disney Time Share - Point system, no set week Added on Amended Schedule "B": owned 50/50 with non-filing spouse | 0.00 | 25,000.00 | | 34,000.00 | FA |
| 15. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 16. Void (u) | 0.00 | N/A | | 0.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-50161 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | DARREN STAHULAK | | | | Date Filed (f) or Converted (c): | 12/22/2012 (f) |
| | | | | | 341(a) Meeting Date: | 02/05/2013 |
| For Period Ending: | 11/06/2014 | | | | Claims Bar Date: | 08/01/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 17.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 18.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 19.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 20.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 21.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 22.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 23.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 24.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 25.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 26.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 27.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 28.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 29.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 30.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 31.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 32.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 33.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 34.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 35.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 36.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 37.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 38.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 39.  Void (u) | 0.00 | N/A | | 0.00 | FA |
| 40.  Void (u) | 0.00 | N/A | | 0.00 | FA |

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-50161 | DRC | Judge: | Donald R Cassling | Trustee Name: | DAVID R. BROWN |
| Case Name: | DARREN STAHULAK | | | | Date Filed (f) or Converted (c): | 12/22/2012 (f) |
| | | | | | 341(a) Meeting Date: | 02/05/2013 |
| For Period Ending: | 11/06/2014 | | | | Claims Bar Date: | 08/01/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 41. Void (u) | 0.00 | N/A | | 0.00 | FA |
| 42. Void (u) | 0.00 | N/A | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $107,652.00   $25,000.00       $34,000.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee will be doing the Final Report when EPIQ fixes Form 2 (they incorrectly coded transfer from Grochocinski's bank account to David Brown's bank account and it doubled the net receipts)

Initial Projected Date of Final Report (TFR): 06/30/2014       Current Projected Date of Final Report (TFR): 10/30/2014

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 12-50161 | Trustee Name: DAVID R. BROWN |
| Case Name: DARREN STAHULAK | Bank Name: GREEN BANK |
| | Account Number/CD#: XXXXXX6101 |
| | Checking Account |
| Taxpayer ID No: XX-XXX8209 | Blanket Bond (per case limit): |
| For Period Ending: 11/06/2014 | Separate Bond (if applicable): $0.00 |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/05/13 | | TRCS, Inc., Escrow Account 13506 Summerport Village Pkwy #397Windermere, FL  34686 | Sale of Disney Time Shares | | $23,211.76 | | $23,211.76 |
| | | | Gross Receipts    $34,000.00 | | | | |
| | | ReMax Properties | Broker's commission    ($5,100.00) | 3510-000 | | | |
| | | Timeshare Professionals, Inc. | Broker's commission    ($3,400.00) | 3510-000 | | | |
| | | DVCMC | Disney's maintenance fee    ($1,931.42) | 2500-000 | | | |
| | | Buyer credit for 2014 fees | ($321.82) | 2500-000 | | | |
| | | Fed-ex | ($35.00) | 2500-000 | | | |
| | 14 | | Disney Time Share - Point system, no set week    $34,000.00 | 1110-000 | | | |
| 12/19/13 | 3001 | Kimberley M. Stahulak 248 East Fourth Ave.Naperville, IL  60540 | Spouse, as non debtor, 50% interest in time share proceeds for property known as The Disney Beach Club Villas (Unit 1G) per order entered August 9, 2013          8500-002  $-11,605.88 | 8500-002 | | $11,605.88 | $11,605.88 |
| 12/31/13 | | Green Bank US Trustee Services2900 North Loop West, Suite 200Houston, TX  77092 | Bank Service Fee | 2600-000 | | $26.58 | $11,579.30 |
| 01/31/14 | | Green Bank US Trustee Services2900 North Loop West, Suite 200Houston, TX  77092 | Bank Service Fee | 2600-000 | | $19.89 | $11,559.41 |
| 02/28/14 | | Green Bank US Trustee Services2900 North Loop West, Suite 200Houston, TX  77092 | Bank Service Fee | 2600-000 | | $16.84 | $11,542.57 |
| 03/31/14 | | Green Bank US Trustee Services2900 North Loop West, Suite 200Houston, TX  77092 | Bank Service Fee | 2600-000 | | $17.42 | $11,525.15 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*     Page Subtotals:     $23,211.76     $11,686.61

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-50161  
Case Name: DARREN STAHULAK  
Taxpayer ID No: XX-XXX8209  
For Period Ending: 11/06/2014  

Trustee Name: DAVID R. BROWN  
Bank Name: GREEN BANK  
Account Number/CD#: XXXXXX6101  
Checking Account  
Blanket Bond (per case limit):  
Separate Bond (if applicable): $0.00

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/02/14 | 3002 | INTERNATIONAL SURETIES, LTD 701 POYDRAS STREETSUITE 420NEW ORLEANS, LA 70139 | Blanket bond #016026455 2/01/14 to 2/10/15        2300-000 $-9.56 | 2300-000 | | $9.56 | $11,515.59 |
| 05/24/14 | | GREEN BANK | service charge | 2600-000 | | $41.31 | $11,474.28 |
| 06/23/14 | 3003 | Estate of DARREN STAHULAK, 12-50161 | Fund transfer from original to successor trustee | 9999-000 | | $11,474.28 | $0.00 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $23,211.76 | $23,211.76 |
| Less: Bank Transfers/CD's | $0.00 | $11,474.28 |
| Subtotal | $23,211.76 | $11,737.48 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $23,211.76 | $11,737.48 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*      Page Subtotals:      $0.00      $11,525.15

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 12-50161 | Trustee Name: DAVID R. BROWN | |
| Case Name: DARREN STAHULAK | Bank Name: The Bank of New York Mellon | |
| | Account Number/CD#: XXXXXX7621 | |
| | Checking | |
| Taxpayer ID No: XX-XXX8209 | Blanket Bond (per case limit): | |
| For Period Ending: 11/06/2014 | Separate Bond (if applicable): $0.00 | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 06/23/14 | | Estate of DARREN STAHULAK, 12-50161 Transfer of funds to successor trustee's account | Fund transfer | 9999-000 | $11,474.28 | | $11,474.28 |
| 07/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $11,464.28 |
| 08/07/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $17.04 | $11,447.24 |
| 09/08/14 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $17.02 | $11,430.22 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $11,474.28 | $44.06 |
| Less: Bank Transfers/CD's | $11,474.28 | $0.00 |
| Subtotal | $0.00 | $44.06 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $44.06 |

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*        Page Subtotals:    $11,474.28    $44.06

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6101 - Checking Account | $23,211.76 | $11,737.48 | $0.00 |
| XXXXXX7621 - Checking | $0.00 | $44.06 | $11,430.22 |
|  | $23,211.76 | $11,781.54 | $11,430.22 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| Total Allocation Receipts: | $10,788.24 |
|---|---|
| Total Net Deposits: | $23,211.76 |
| Total Gross Receipts: | $34,000.00 |

**TRUSTEE'S PROPOSED DISTRIBUTION**

Exhibit D

Case No.: 12-50161
Case Name: DARREN STAHULAK
Trustee Name: DAVID R. BROWN

    Balance on hand      $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DAVID E. GROCHOCINSKI | $ | $ | $ |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES, PC | $ | $ | $ |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES, PC | $ | $ | $ |
| Other: Trustee Fees: DAVID R. BROWN | $ | $ | $ |
| Other: PC INNOVALAW | $ | $ | $ |
| Other: PC INNOVALAW | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses      $_____
    Remaining Balance      $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $      must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | AMERICAN EXPRESS CENTURION BANK | $ | $ | $ |

Total to be paid to timely general unsecured creditors      $_____

Remaining Balance      $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE